UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE NASH,

        Petitioner,

  v.                            Case No. 07-C-1083

MICHAEL THURMER,

        Respondent.

**ORDER**

On December 3, 2007, Freddie Nash filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court and was sentenced to 47 years of imprisonment. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition is styled "petition to stay the petition for writ of habeas corpus." Nash wishes to pursue certain claims in state court, thereby exhausting them as required by 28 U.S.C.

§ 2254(b)(1)(A). But because he believes that exhaustion of those claims might put him past the one-year AEDPA deadline, 28 U.S.C. § 2244(d), he has filed this action and wishes this court to stay consideration of his mixed petition until he has fully exhausted his available state remedies.

Before proceeding to consider his request for a stay of his mixed petition, it is necessary to assess the petition's timeliness. Nash believes his federal petition is "due" by April 17, 2008, but that appears doubtful from the face of the petition. Nash was sentenced in February 1998. He states that he did not appeal his conviction and sentence, allegedly due to ineffective assistance of counsel. The next activity in his case occurred in a *Knight* petition he filed, apparently in 2004 (the case number he lists is 04-2921), and the court of appeals reinstated the appeal rights that had expired in 1998. Since then, he has been engaged in appellate litigation in Wisconsin's state courts, and the court of appeals has denied the appeal he was allowed to file.

According to the facts Nash alleges, the AEDPA clock under § 2244(d) began ticking at some point in early 1998 when his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year period would have expired in 1999. Nash's premise appears to be that his reinstated appeal also reinstated his federal habeas limitations clock. That is an incorrect assumption, however, as subsequent litigation in state courts does not resurrect an expired § 2244 statute of limitations. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) ("although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.") That is, regardless of the fact that the state courts may have reinstated his appeal rights in or after 2004, his time for filing a federal habeas petition expired at some point in 1999 because that is the date at which one year had passed since

2

the conclusion of *direct* review. *Springer v. Benik,* 134 Fed.Appx. 961, 962, 2005 WL 1389598, **1 (7th Cir. 2005). *Springer* makes clear that a *Knight* petition – which is what Nash filed – is a collateral attack; as such, while a *Knight* petition could toll a "live" statute of limitations clock under § 2244(d)(2), it cannot *restart* a clock that had already expired.

And regardless of whether the subsequent proceedings are deemed "collateral" or "direct," the Seventh Circuit has made clear that it is for federal courts to interpret the meaning of § 2244(d) to determine when direct review has ended. In *Teas v. Endicott,* 494 F.3d 580, 581 (7th Cir. 2007), the court rejected a petitioner's claim that his success in gaining reinstated direct review from the state courts restarted his § 2244(d) clock: "The problem with this line of argument is that it implies that the 'conclusion of direct review' in state court can happen twice (or more often). Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'" The same holds true here.

The Fifth Circuit has addressed this question at some length. In *Salinas v. Dretke,* the court addressed the habeas petition of a petitioner who, like Nash, had received a reinstatement of his appeal rights from the state courts. *Salinas v. Dretke,* 354 F.3d 425, 429 (5th Cir. 2004). While the petition was otherwise untimely under § 2244(d), Salinas argued that the state court's reinstatement of his appeal rights put him in the same place he would have been had he proceeded under the normal direct appeal process. As he put it, the reinstatement of his appeal rights "de-finalized" his judgment and restarted the AEDPA clock. *Id.* The Fifth Circuit disagreed. Nothing in AEDPA, the court found, allowed a state court ruling to reinstate an expired § 2244(d) statute of limitations:

> [W]hen a petitioner convicted in the Texas system acquires the right to file an "out-of-time" [petition for discretionary review], the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.

3

*Id.* at 430. While AEDPA allows for the tolling of the statute of limitations, it does not have any provision for reinstatement of a limitations period that has already expired. As the Fifth Circuit concluded, "the Court of Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002." *Id.* at 431.

In sum, under *Teas* and *Salinas,* a state court's reinstatement of direct appeal rights does not give a federal habeas petitioner a fresh limitations period under § 2244(d). The petition thus appears untimely on its face; Nash is hereby given 30 days in which to show cause to this court why his entire petition should not be dismissed under 28 U.S.C. § 2244(d).

**SO ORDERED** this   14th   day of December, 2007.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge