UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE NASH,

        Petitioner,

v.                                                 Case No. 07-C-1083

MICHAEL THURMER,

        Respondent.

## ORDER

On December 3, 2007, Freddie Nash filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court and was sentenced to 47 years of imprisonment.

This Court dismissed the petition on the grounds of untimeliness. The Seventh Circuit remanded the case on the basis of the Supreme Court's recent holding that undermines the basis on which this Court ruled. Specifically, the Supreme Court held that:

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

Jimenez v. Quarterman, — U.S. —, 129 S.Ct. 681, 686-87 (2009).

That is what occurred here. Because the state courts reinstated petitioner's appeal rights, his state proceedings were not "final" under § 2244(d).

Nash's petition asks that this Court stay it until he can exhaust state court remedies as to several claims that have not been exhausted. The petition was filed in December 2007, and thus it is unclear whether these remedies have been exhausted or not by now. Accordingly, petitioner is directed to inform this court, by March 6, 2009, whether he wishes to proceed with this federal petition now or whether there are still issues that need to be exhausted in state court (or whether he wishes to abandon any of those claims). Upon hearing from the petitioner, the Court will proceed either to stay the case or to screen it on its merits.

**SO ORDERED** this ___19th___ day of February, 2009.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge