UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE NASH,

       Petitioner,

v.                                                 Case No. 07-C-1083

MICHAEL THURMER,

       Respondent.

## SCREENING ORDER

Upon filing this § 2254 action Plaintiff asked the Court to stay proceedings so that he could exhaust his remaining state court remedies on some of his claims. He recently informed the Court that all of his claims were now exhausted in the state courts, which, if true, would allow him to proceed in this federal action. Upon review, this Court was unable to find that several of his claims were, in fact, exhausted in the state courts. Thus, it asked Petitioner if certain of the claims had actually been exhausted, and he has now responded by indicating that the claims this Court asked about were presented in state case 08AP1054-W. Although the state court's docket suggests that a 5-page decision was rendered in that action on April 3, 2009, this Court has been unable to locate a written decision addressing Petitioner's claims. Nevertheless, based on Petitioner's assertion that no state proceedings remain available, I will proceed to screen his petition.

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to undertake an initial screening of the petition to determine if it sets forth viable claims. I begin with the claims that were exhausted in Petitioner's direct appeal.

**I. Ineffective Assistance (1)**

Petitioner raises a number of ineffective assistance claims, only one of which was presented in his initial appeal. In that claim, he asserts that he was denied effective assistance of counsel and should have been allowed to withdraw his plea. The court of appeals addressed his claim as follows:

> trial counsel testified that he had filed the motions as a matter of course, and that subsequent investigation led him to believe they were without merit. He further testified that Nash had not made any of his postconviction allegations regarding the conditions of his confession during his pre-plea discussions with counsel. The trial court found trial counsel's testimony to be credible, and credibility determinations are not reviewable by this court. . . . Based on those findings, we agree with the trial court's conclusion that counsel did not perform deficiently because he had no factual basis to pursue the suppression motion and that negotiating the plea deal was a reasonable strategic decision to minimize his client's sentence exposure from seventy-two to forty-seven years.

*State v. Nash,* 2007 WI App 19 ¶ 6, 2006 WL 3842181, *2 (Wis. Ct. App. 2006).

The court of appeals identified the proper standard for addressing ineffective assistance claims. The court also noted that the trial court's rejection of Nash's claim was based partly on its credibility determination, which was not reviewable. Under § 2254(d)(2), a factual determination (such as credibility) cannot be overturned by a federal court unless it was an "unreasonable determination of the facts." Here, Petitioner will not be able to show that the trial court's factual determination was "unreasonable." It involved listening to the testimony of Petitioner's lawyer and determining that he was both telling the truth and that his strategy was sound. The reasoning offered by the court of appeals backed this up, noting that counsel reduced Petitioner's exposure from 72 to 47 years. Because these conclusions rest on a factual finding that Petitioner will be unable to disturb, this claim must be dismissed. *See Virsnieks v. Smith,* 521 F.3d 707, 715 (7th Cir. 2008)

("the Wisconsin court made a credibility determination-which we generally are required to accept under AEDPA . . .")

## II. Harsh Sentence

Petitioner next argued in his direct appeal that his sentence was too harsh. It is not clear that he raised the issue as one arising under federal law; but even if he did, the claim would fail. A sentence may be cruel and unusual if it is "grossly disproportionate" to the crime of conviction. *Solem v. Helm,* 463 U.S. 277, 290-92 (1983); *Henry v. Page,* 223 F.3d 477, 482 (7th Cir. 2000). Here, Petitioner received a 47-year sentence for first-degree reckless homicide (party to the crime) and possession of a weapon by a felon. This was the statutory maximum. Both the court of appeals and the trial court addressed his claim that because he was relatively young and came from a broken household he should have been given leniency. Although some judges might have accepted that argument, that does not render his sentence constitutionally flawed. The state courts were not in error for concluding that it was not "grossly disproportionate" to receive a full-term sentence for killing an unarmed victim with an infant daughter. At least their determination is not contrary to any clearly established federal law.

## III. Trial Court's Failure to Inform Petitioner that it was not Bound by Plea Agreement

In a § 974.06 motion, Petitioner argued that because of the circuit court's failure to advise him that it was not bound by the plea bargain, he was unaware that the maximum possible penalty he faced was 47 years' imprisonment. It is unclear how the sentencing judge's failure to inform him that she was not bound by the plea agreement would have confused Petitioner about the length of his possible sentence. Under state law, "[i]f the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant

3

personally that the recommendations of the prosecuting attorney are not binding on the court." *State ex rel. White v. Gray,* 57 Wis.2d 17, 24–25, 203 N.W.2d 638, 641–642 (1973). The state courts noted that even if the trial judge violated some state law requirement, there was no prosecutor's recommendation in this case. Thus, in imposing the 47-year sentence, the sentencing judge did not reject a recommendation; the judge merely imposed the statutory maximum. In fact, Nash received the benefit of the plea bargain because the judge dismissed two of the charges against Nash. Finally, as the court of appeals noted, Nash "personally acknowledged the maximum penalties during the colloquy," meaning that he knew when he pled guilty that 47 years was on the table. *State v. Nash,* 2007 WI App 19 ¶ 11, 2006 WL 3842181, *3. Thus, the state courts correctly found that Nash had not been prejudiced by anything the sentencing judge may have omitted.

**IV. Other Ineffective Assistance Claims**

Petitioner also brings four additional claims for ineffective assistance. Each of these asserts that trial counsel was ineffective for failing to conduct investigations of various aspects of the case. As noted at the outset, this Court has been unable to locate a copy of the state courts' treatment of these claims, so it is unclear if he has actually exhausted his state court remedies as to these claims. Even if he has exhausted his state court remedies, however, the petition fails to state a claim for ineffective assistance of counsel as to any of the failures alleged. The petition simply alleges that counsel failed to conduct a prompt investigation into some aspect of the case. More is required to state a claim for ineffective assistance. The failure to conduct a proper investigation must have resulted in some prejudice to Petitioner in order for it to amount to a cognizable claim under § 2254. Because the petition is deficient in this regard, it will be dismissed. The dismissal at this point is without prejudice, however. Petitioner is allowed thirty days to file an amended petition in an

attempt to cure the defects noted herein. Failure to do so will result in dismissal with prejudice. Petitioner's motion for appointment of counsel is denied at this time. Before appointment of counsel will be considered, Petitioner must at least make some showing that he has a claim cognizable under § 2254.

**SO ORDERED** this ___30th___ day of August, 2011.

                                               _s/ William C. Griesbach_
                                               William C. Griesbach
                                               United States District Judge