UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE NASH,

        Petitioner,

  v.                                                                 Case No. 07-C-1083

MICHAEL THURMER,

        Respondent.

**DECISION AND ORDER**

       This § 2254 case was stayed while Petitioner attempted to exhaust his state remedies. He recently informed the Court that his state actions had all been exhausted and he was ready to proceed with this case. Upon this Court's inquiry, Petitioner provided a copy of his state *Knight* petition as well as a copy of the state court of appeals' denial of that petition. He has not filed an amended petition in conformance with 28 U.S.C. § 2254. Instead, he has filed a copy of his state *Knight* brief and has explained that he does not know how to proceed. Because he is *pro se* and because this case has been lingering for so long, I will excuse Petitioner's failure to file a proper § 2254 petition. The substance of his arguments can easily be discerned from his *Knight* petition, as well as the court of appeals' treatment of that petition. (Dkt. # 32 at 86-91.)

       In his *Knight* petition, Nash argued that his appellate counsel was ineffective for failing to adequately investigate his trial counsel's ineffectiveness. His argument was based on four specific assertions of trial counsel ineffectiveness: (1) that counsel had failed to develop a sufficient factual record to support the filing of a suppression motion; (2) that counsel failed to investigate

Petitioner's allegedly coerced statement to police; (3) that counsel had failed to "explore all avenues" of his statement; and (4) that counsel had generally failed to explore all viable trial strategies with respect to the impeachment of a key witness.

As the court of appeals noted, these claims are essentially derivative of his original claims alleging ineffective assistance of trial counsel. The state trial court held a hearing and found credible and reasonable trial counsel's treatment of the suppression motions and the decision to plead guilty. Trial counsel also testified credibly that Petitioner had not raised any issues regarding his statements to police prior to pleading guilty. *State v. Nash,* 2007 WI App 19, 298 Wis.2d 550, 727 N.W.2d 374 (Wis. Ct. App. 2006). In light of the trial court's rejection of the ineffective assistance argument and its acceptance of counsel's testimony, the claims alleging that *appellate* counsel was ineffective for failing to pursue these matters must also fail, as the state court of appeals recognized.

There is, however, one element that was not addressed in the appellate court's opinion. Petitioner alleges that appellate counsel failed to inquire about trial counsel's failure to explore impeachment options regarding a key witness. In particular, Petitioner alleges that Lorenzo Roberson was a key witness who had a grudge against him and was using drugs and alcohol at the time of the offense. In addition, transcripts reflected inconsistencies in what he told police. If trial counsel had more thoroughly prepared for the case, they could have discussed impeaching Roberson, and it might have been preferable to try to win at trial rather than enter into a plea agreement.

Although this issue was raised in the *Knight* petition, it did not receive attention from the court of appeals. The court did note that Petitioner voluntarily entered his plea, and he apparently

2

did so knowing what he now alleges about Roberson. It is therefore unlikely that his attorney's actions or inactions would have influenced his decision to plead guilty rather than go to trial. Even so, the record is not sufficiently established to allow dismissal of this claim at the screening stage. In particular, because the issue was not addressed by the court of appeals, I cannot say that it "plainly appears" from the face of the petition that no relief is warranted. *See* Rule 4 of the Rules Governing § 2254 Cases. Accordingly, I will direct the Respondent to file a response limited to the issue involving the witness.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue. The response may be limited to the single issue identified above. Unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) respondent shall have until February 11, 2012 within which to file a brief in opposition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

**SO ORDERED** this   5th   day of December, 2011.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge